Andrew A. Bao (SBN 247092)
aabao@wolfewyman.com
Meagan S. Tom (SBN 273489)
mstom@wolfewyman.com
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
Telephone: (925) 280-0004
Facsimile: (925) 280-0005

Attorneys for Defendants
CITIMORTGAGE, INC. and MERSCORP HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SANDRA L. SKILLICORN, JACK SKILLICORN, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., a Missouri corporation; MERSCORP HOLDINGS INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:14-cv-03470 EJD<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date: November 14, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br><br>Hon. Edward J. Davila<br><br>Action Filed: 07/02/14<br>Trial Date: None set. |

Defendants CITIMORTGAGE, INC. (hereinafter, "CMI") and MERSCORP HOLDINGS, INC. (hereinafter, "MHI") (collectively "Defendants") submit the following memorandum of points and authorities in reply to the late-filed opposition to Motion to Dismiss the Complaint by Plaintiffs SANDRA L. SKILLICORN and JACK SKILLICORN (hereinafter, collectively "Plaintiffs") on September 2, 2014.

## I. PLAINTIFFS' OPPOSITION SHOULD NOT BE CONSIDERED BECAUSE IT IS UNTIMELY

Pursuant to Civil Local Rule 7-3(a), "[a]ny opposition to a motion must be served and filed no more than 14 days after the motion is served and filed. Defendants filed their Motion to Dismiss

1

the Complaint on August 7, 2014. (*See* Court Docket No. 13.) Accordingly, Plaintiffs' deadline to file and serve any opposition to the Motion to Dismiss was August 21, 2014. Indeed, this Court ordered Plaintiffs to serve any opposition no later than August 21, 2014. (*See* Court Docket No. 13.) Furthermore, given Plaintiffs' failure to timely oppose, Defendants filed and served notice of their non-opposition to the Motion to Dismiss on August 28, 2013. (*See* Court Docket No. 15.) Therefore, Plaintiffs' opposition is untimely because it was not filed until September 2, 2014 – **eleven (11) days late**.

If the court is inclined to consider Plaintiffs' untimely opposition, however, Defendants submit this reply brief in response to the opposition.

## II. PLAINTIFFS' OPPOSITION DOES NOT POINT TO FACTS DEMONSTRATING ANY WRONGDOING BY MHI

As noted in Defendants' moving papers, Plaintiffs fail to plead any specific allegations against either CMI or MHI, and as such, the Complaint falls short of the requirements of Rule 8(a). While Plaintiffs' Opposition points to purported wrongdoing by CMI, the Opposition is silent as to any purported wrongdoing on the part of MHI. As such, it is unclear, from the Complaint, any allegations which are at all related to any actions of MHI, and fails to state a claim for relief as to MHI upon which relief could be granted.

## III. DEFENDANTS OWED NO DUTY TO PLAINTIFFS TO NEGOTIATE A LOAN MODIFICATION

Plaintiffs seek to impose a duty on Defendants to negotiate a loan modification in good faith in their Opposition, citing a purported Consent Order, CMI's website, and under California *Civil Code* Section 2923.6, which prohibits "dual-tracking."

As an initial matter, Plaintiffs relies on evidence not cited within their complaint, and seeks to have the information improperly admitted in support of their opposition to Defendants' Motion. Plaintiff cites the alleged Consent Order and CMI's website creating a "duty to negotiate a loan modification in good faith." (*See* Oppo., 5:13-16; 6:10-13) However, Plaintiffs' arguments are conclusory in nature as they provide no specific language imposing any such duty within either of the purported Consent Order or CMI's website. Further, Plaintiffs provide no law which purportedly

imposes such a duty to negotiate a loan modification, or to provide Plaintiffs with loan modification, as alleged in their Complaint.

Additionally, Plaintiff's reliance on California *Civil Code* Section 2923.6(b) for the proposition that it imposes a duty on lenders is misplaced. California *Civil Code* Section 2923.6(b), simply details the intent of the Legislature that mortgage servicers "offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other legal authority. (Cal *Civ. Code* § 2923.6(b)). The plain language of California *Civil Code* Section 2923.6(b) places no specific obligation on mortgage servicers regarding the loan modification review process. Further, California *Civil Code* Section 2923.6 only applies to loans in "payment default, or payment default is reasonably foreseeable." (Cal. *Civ Code* § 2923.6(a)(1)). In this case, Plaintiffs are not in payment default, as no Notice of Default has been recorded against the Subject Property. Plaintiffs also do not allege facts suggesting that they are in payment default, or even that payment default is reasonably foreseeable. As such, California *Civil Code* Section 2923.6 does not create any duty for lenders to negotiate a loan modification in good faith.

In general, no duty of care is owed to a borrower where the institution's involvement in the loan as "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." *Lueras v. BAC Home Loans Servicing, LP* 221 Cal.App.4th 49, 67 (Cal. App., 2013). The cases cited by Plaintiffs holding that a duty of care should be found are unlike the case Plaintiffs describe in their instant complaint. For instance, in *Jolley v. Chase Home Finance* 213 Cal.App.4th 872, (Cal. App., 2013) the loan was a construction loan pursuant to which the lender was obligated to disburse loan funds as construction progressed. When the lender lost the loan documents and stopped funding, there was an eight month delay of construction. *Jolley,* 213 Cal.App.4th at 878. Thus, the court held there was a triable issue of fact about whether the lender was negligent. The qualitative difference between the *Jolley* plaintiff's loan and that of Plaintiffs was a crucial factor in the court's determination. As the court said,

> We note that we deal with a construction loan, not a residential home loan where, save for possible loan servicing issues, the relationship ends when the loan is funded. By contrast, in a construction loan the relationship between lender and borrower is ongoing, in the sense that

3
**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

> the parties are working together over a period of time, with disbursements made throughout the construction period, depending upon the state of progress towards completion. *Jolley,* 213 Cal.App.4th at 901.

Additionally, *Alvarez v. BAC Home Loans Servicing, L.P.,* 2014 WL 3883282 (Cal. App., 2014) involved alleged that a lender agreed to consider plaintiff for loan modifications and subsequently mishandled the loan modification application based on specific, factual allegations of mishandling, including failure to review the applications, foreclosing on the property while under consideration of HAMP modification, and relying on incorrect information. (*Id.* at * 9). The *Alverez* court determined that a lender defendant owed homeowner plaintiff a duty to exercise reasonable care in the review of their loan modification application once they had agreed to consider them. (*See Id.*) Plaintiffs' allegations simply state that "Plaintiffs requested a loan modification from Defendants..." which Plaintiffs conclusory allege imposed a duty to negotiate with them in good faith for a loan modification. (Complaint ¶ 13). However, as noted above, Plaintiffs fail to allege that CMI agreed to consider them for a loan modification, and as such, any purported duty of care has not been triggered.

Furthermore, even if a duty could be found which Defendants submit that there should not, the Complaint fails to satisfy the basic elements of a negligence claim because it does not reflect the breach of any particular standard by Defendants resulting in damage to Plaintiffs, and as such, Plaintiffs claims for negligence fail to state a cause of action against either Defendant.

### IV. PLAINTIFFS' OPPOSITION FAILS TO POINT TO FACTS IN THE COMPLAINT TO SUPPORT THEIR CLAIM FOR UCL VIOLATIONS

As explained in Defendants' moving papers, Plaintiffs' second claim for unlawful business practices in violation of California *Business and Professions Code* section 17200 *et seq.*, commonly referred to as California's Unfair Competition Law (hereinafter, "UCL") fails because (1) they lack standing, (2) fails to establish a viable predicate cause of action, (3) fails to allege an unfair practice, and (4) fails to otherwise plead their claim with reasonable specificity.

Plaintiffs' Opposition conclusory states that as they have stated a claim for negligence, such allegations constitute unlawful, unfair, or fraudulent business acts or practices, which are sufficient

to state a claim for violations of UCL. (Oppo., 7: 3-5) However, Plaintiffs' Opposition completely fails to address any of the arguments made in Defendants' moving papers, and likewise fails to identify a single allegation in the Complaint supporting their UCL claim. As noted in Defendants' moving papers and above, Plaintiffs have not stated a claim for negligence, as no duty was owed to Plaintiffs to negotiate a loan modification in good faith, and Plaintiffs have failed to plead damages caused by Defendants' conduct. Plaintiffs' absolute failure to meaningfully address Defendants' motion can only be interpreted as their concession to the merits of the same. Given their obvious inability to cure the defective nature of their UCL claim, it should be dismissed with prejudice.

## V. PLAINTIFFS DO NOT OPPOSE DEFENDANTS' MOTION TO DISMISS THEIR THIRD CLAIM FOR DECLARATORY RELIEF

Plaintiffs' Opposition does not address any arguments Defendants raise regarding the deficiencies with their Declaratory Relief Claim. As such, Plaintiffs appear to concede the merits of Defendants' arguments with respect to this claim and as such, Defendants request the Court grant its Motion without leave to amend.

## VI. CONCLUSION

For the foregoing reasons, and the reasons detailed in Defendants' moving papers, Defendants respectfully request the Court to grant its motion to dismiss Plaintiffs' Complaint <u>without</u> leave to amend.

DATED: September 9, 2014                    WOLFE & WYMAN LLP


By: /s/ Meagan S. Tom  SBN 273489
    ANDREW A. BAO
    MEAGAN S. TOM
    Attorneys for Defendants
    **CITIMORTGAGE, INC. and MERSCORP HOLDINGS, INC.**

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                                  ) ss.
COUNTY OF CONTRA COSTA )

I, Lisa White, declare: I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business address is 2175 N. California Blvd., Suite 645, Walnut Creek, California 94596-3502.

On the date shown below, I served the document(s) described as **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:
    ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
    ☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with postage thereon fully prepaid.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **STATE**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**     I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 9, 2014, at Walnut Creek, California.

                                                         LISA WHITE

1773718.1

**SERVICE LIST**
U.S. District Court, Northern District Case No. 5:14-cv-03470 EJD
(Monterey Co. Superior Court, Case No. M128429)
Skillicorn v. CitiMortgage, Inc., et al.
W&W File No. 1133-1390
[Revised: 09/09/14]

| | |
|---|---|
| Martin Cutler, Esq.<br>George E. Akwo, Esq.<br>GA LAW GROUP, APC<br>8500 Wilshire Blvd., Suite 916<br>Woodland Hills, CA 90211 | **Attorneys for Plaintiffs**<br>**SANDRA L. SKILLICORN and**<br>**JACK SKILLICORN**<br>Tel.: (818) 888-6000<br>Fax: (310) 496-2458<br>Email: george@galawgroup.org |