UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA L. SKILLICORN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-03470 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 13, 14 |

　　　　The instant action related to real property located in Salinas, California, was originally initiated by Plaintiffs Sandra L. Skillicorn and Jack Skillicorn ("Plaintiffs") in Monterey County Superior Court on July 2, 2014. Defendants CitiMortgage, Inc. ("CitiMortgage") and Merscorp Holdings, Inc. ("MERS") removed the action this court on the basis of diversity jurisdiction. Presently at issue are motions filed by CitiMortgage and MERS, one to dismiss the Complaint and one to strike portions of it. See Docket Item Nos. 13, 14. Plaintiffs have filed written opposition to the motions.[1] See Docket Item No. 18.

　　　　This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for November 14, 2014, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as

---

[1] The court has considered Plaintiffs' opposition even though it was filed 11 days late.

1

Case No.: 5:14-cv-03470 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

follows:

1. A motion under Federal Rule of Civil Procedure 12(b)(6) can be granted if a plaintiff fails to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. "Well-pleaded factual allegations" are considered true (Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)), and the court construes the alleged facts in the light most favorable to the plaintiff (Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988)). The court may also consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

2. Fraud-based claims are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, there must be "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1164 (E.D. Cal. 2009).

3. Plaintiffs' Complaint contains three causes of action which are asserted against both defendants, but Plaintiffs have not stated a claim against MERS. In the Complaint, Plaintiffs allege that MERS is merely a beneficiary of the Deed of Trust ("DOT"), a fact which is confirmed

2

Case No.: 5:14-cv-03470 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

by the description of MERS contained in that document. See Defs.' Req. for Judicial Notice, Docket Item No. 13 ("MERS is the beneficiary under this Security Instrument.").[2] However, the relevant conduct alleged in the Complaint involves predatory lending and the failure to negotiate a loan modification. There are no well-pleaded factual allegations which describe how MERS, as a beneficiary under the DOT, was responsible for any of this alleged conduct. This manner of pleading violates Rule 8(a)(2). In re Sagent Tech., Inc. Derivative Litig., 278 F. Supp. 2d 1079. 1094-95 (N.D. Cal. 2003). All causes of action against MERS, save for the claim for declaratory relief discussed below, are therefore DISMISSED WITH LEAVE TO AMEND.

4. Plaintiffs have not stated a claim for negligence against CitiMortgage. The elements of negligence are: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury. Sohal v. Fed. Home Loan Mortg. Corp., No. 11-01941, 2011 U.S. Dist. LEXIS 97355, at *24, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011); Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913 (1996). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991); see also Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994). This court has previously held that loan modification activity does not exceed the scope of a lender's conventional role. Armstrong v. Chevy Chase Bank, FSB, No. 5:11-cv-05664 EJD, 2012 U.S. Dist. LEXIS 144125, at *11-12, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012).

5. Plaintiffs' arguments to the contrary are unpersuasive. Some have been previously rejected in these exact circumstances, where the factual allegations were strikingly similar to those asserted in this Complaint. Curl v. CitiMortgage, Inc., No. 14-cv-01829-VC, 2014 U.S. Dist. LEXIS 148055, at *6-7, 2014 WL 5321063 (N.D. Cal. Oct. 17, 2014) (explaining that neither California Civil Code § 2923.6 nor Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App.

---

[2] Defendants' Request for Judicial Notice is GRANTED. See Fed. R. Evid. 201(b)(2).

4th 941 (2014) establish a duty if the lender did not agree to consider a borrower for a loan modification). The same can be said of Plaintiffs' argument based on the National Mortgage Settlement Consent Judgment; while that judgment may impose certain requirements on the loan modification process, it does not purport to modify a lender's duty for the purposes of a negligence claim in litigation. Because Plaintiffs have not plead facts that establish a duty, the negligence claim against CitiMortgage is DISMISSED WITH LEAVE TO AMEND.

6. Since Plaintiffs' claim under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, is "tethered" solely to the dismissed negligence claim, this claim must also be DISMISSED. Franczak v. Suntrust Mortg. Inc., No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, at *19, 2013 WL 4764327 (N.D. Cal. Sept. 5, 2013). The court also notes that Plaintiffs did not meet the Rule 9 heightened pleading standard to the extent they invoke the fraudulent prong of the UCL. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

7. As to declaratory relief, Plaintiffs have not plead sufficient facts to support that claim. The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, allows the district court to "declare the rights and other legal relations of any interested party seeking such a declaration . . . ." 28 U.S.C. § 2201(a). However, such relief is limited by the express terms of the statute to cases "of actual controversy." Id. As a result, a finding of actual controversy is an essential prerequisite for claims under the DJA. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). Here, Plaintiffs seek relief based on a default under the DOT but have not alleged that a default has actually occurred. Without such allegations, there is no "actual controversy" between the parties. Thus, the claim for declaratory relief is also DISMISSED. Since Plaintiffs did not oppose the Motion to Dismiss with respect to declaratory relief, the court presumes they are unable to provide additional allegations on this subject. Thus, the dismissal of this claim is WITHOUT LEAVE TO AMEND.

Based on the foregoing, the Motion to Dismiss is GRANTED in its entirety. Any amended

complaint must be filed within 21 days of the date this Order is filed and must be consistent with the discussion above.  Plaintiffs are advised that they may not add new claims or parties without first obtaining the consent of defendants or leave of court pursuant to Federal Rule of Civil Procedure 15, and that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in dismissal of this action.

The Motion to Strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  November 12, 2014


EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03470 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE