UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA L. SKILLICORN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-03470 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 24, 25 |

　　　　On November 12, 2014, this court granted a Motion to Dismiss filed by Defendants CitiMortgage, Inc. ("CitiMortgage") and Merscorp Holdings, Inc. ("MERS") and dismissed the Complaint filed by Plaintiffs Sandra L. Skillicorn and Jack Skillicorn (collectively, "Plaintiffs"). See Docket Item No. 22. In doing so, the court found that Plaintiffs had not alleged any facts to support a claim against MERS. The court also found the allegations insufficient to state claims for negligence, declaratory relief and violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. The claim for declaratory relief was dismissed without leave to amend, but Plaintiffs were permitted to amend all other claims against CitiMortgage and MERS.

　　　　Plaintiffs filed a First Amended Complaint ("FAC") on December 3, 2014. See Docket Item No. 23. They now assert one claim for negligence and one claim for violation of the UCL

1

Case No.: 5:14-cv-03470 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT
DEFENDANTS' MOTION TO STRIKE

against both defendants. Presently at issue are motions filed by CitiMortgage and MERS (collectively, "Defendants"), one to dismiss the FAC and one to strike portions of it. See Docket Item Nos. 24, 25. Plaintiffs have not filed a timely opposition to either motion. See Docket Item Nos. 27, 28.

These matters are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for April 30, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. A motion under Federal Rule of Civil Procedure 12(b)(6) can be granted if a plaintiff fails to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. "Well-pleaded factual allegations" are considered true (Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)), and the court construes the alleged facts in the light most favorable to the plaintiff (Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988)). The court may also consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

2. Fraud-based claims are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, there must be "an account of the time,

place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1164 (E.D. Cal. 2009).

3. As to MERS, Plaintiffs have not remedied the deficiency previously identified by the court. Much like the original Complaint, the FAC does not describe MERS' participation in Plaintiffs' failed attempt to obtain a loan modification, particularly since all of the active conduct alleged in the FAC is attributable to CitiMortgage and its employees. Accordingly, Plaintiffs have not satisfied Rule 8(a)(2) with respect to any claims against MERS, and all claims asserted against it are DISMISSED WITHOUT LEAVE TO AMEND because allowing for further amendment would be futile at this point. Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

4. Plaintiffs have not stated a claim for negligence against CitiMortgage in the FAC. The elements of negligence are: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the breach was the proximate and actual cause of the plaintiff's injury. Sohal v. Fed. Home Loan Mortg. Corp., No. 11-01941, 2011 U.S. Dist. LEXIS 97355, at *24, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011); Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913 (1996). As the court previously explained, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991); see also Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir. 1994). Similarly, loan servicers do not owe a duty of care to borrowers when, as here, the loan modification process did not progress past an initial stage. See Banks v. JPMorgan Chase Bank, N.A., No. LA CV14-06429 JAK (FFMx), 2014 U.S. Dist. LEXIS 164565, at *31, 2014 WL 6476139 (C.D. Cal. Nov. 19, 2014) (citing California cases to conclude that loan modification is generally deemed a traditional money-lending activity unless a special relationship

1   is formed by the process).  Moreover, there is no right to a loan modification, let alone one that is

2   entirely favorable to the borrower.  See Mabry v. Super. Ct., 185 Cal. App. 4th 208, 232 (2010).

3         The negligence claim is DISMISSED WITHOUT LEAVE TO AMEND since allowing for

4   further amendment under these circumstances would be futile.  Kendall, 518 F.3d at 1042.

5         5.      Finally, the UCL claim is still deficiently plead.  Since it is "tethered" solely to the

6   dismissed negligence claim, any claim under the unlawful prong must also be dismissed.

7   Franczak v. Suntrust Mortg. Inc., No. 5:12-cv-01453 EJD, 2013 U.S. Dist. LEXIS 126977, at *19,

8   2013 WL 4764327 (N.D. Cal. Sept. 5, 2013).  In addition, the allegations do not sufficiently

9   identify a fraudulent or unfair business practice.  See Varela v. Wells Fargo Home Mortg., No. C-

10  12-3502 KAW, 2012 U.S. Dist. LEXIS 181323, at *20, 2012 WL 6680261 (N.D. Cal. Dec. 21,

11  2012) ("[A]llegations pertaining to loan modification cannot be recast under a § 17200 cause of

12  action, because Plaintiffs have not pled an underlying violation of law stemming from Defendant's

13  conduct during the loan modification negotiations.").  Therefore, the UCL claim is DISMISSED

14  WITHOUT LEAVE TO AMEND since permitting further amendment would be futile.  Kendall,

15  518 F.3d at 1042.

16        Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 24) is

17  GRANTED and the Motion to Strike (Docket Item No. 25) is DENIED AS MOOT.  As noted, all

18  claims are DISMISSED WITHOUT LEAVE TO AMEND.  Since this order effectively resolves

19  the action, judgment will be entered in favor of Defendants.  All other matters are VACATED and

20  the Clerk shall close this file.

22  **IT IS SO ORDERED.**

23  Dated:  January 12, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-03470 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT
DEFENDANTS' MOTION TO STRIKE